UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC A. WATSON and SARAH M. WATSON, and their marital community,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>WARREN MOGER and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT, WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT;<br><br>　　　　　　　　　Defendants. | CASE NO. 20-CV-05344-RBJ<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER VENUE UNDER 28 U.S.C. § 1404** |

　　　THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Improper Venue or Transfer Venue Under 28 U.S.C. § 1404. Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the Motion and the remaining file.

　　　Plaintiffs bring this case alleging breach of contract and negligence for damage they say Defendants caused to their boat ("the Boat") while transferring it from California to Oregon. Dkt. 2. Defendants argue that venue is improper and that this case should either be dismissed or

ORDER - 1

transferred to the Central District of California. Dkt. 15. Based on the filings and the evidence, the Motion to Dismiss or to Transfer (Dkt. 15) should be denied.

## I.  FACTS AND PROCEDURAL HISTORY

### A. FACTS

Plaintiffs Eric A. Watson and Sarah M. Watson, a married couple and citizens of Washington State, bring this action alleging claims of breach of contract and negligence. Dkt. 2. These claims arise from damage that Plaintiffs contend Defendants, citizens of California, caused to their Boat while transporting it from California to Oregon. *Id.* While the parties appear to agree on these basic facts, they agree on little else.

Defendants allege that the operative agreement between the parties is "The Agreement to Ship" and that it was executed in California. Dkt. 20. Plaintiffs allege that the operative agreement is "The Wood Hull Release" and that it was executed in Washington State. Dkt. 16.

Plaintiffs allege that the Boat arrived in Oregon damaged and could not be launched. Dkt. 2. Plaintiffs state that the Boat has been in Washington State since June 12, 2020. Dkt. 19. Defendants contend that the relevant events, experts, and witnesses are in California. Dkt. 15. Plaintiffs contend that relevant events, experts, and witnesses are in Washington State. Dkt. 16.

### B. PENDING MOTION

In the pending Motion, Defendants request that this action either be dismissed for improper venue under Fed. R. Civ. P. 12(c)(3) and 28 U.S.C. § 1406(a) or transferred to the Central District of California under 28 U.S.C. § 1404. Dkt. 15. The Motion is made pursuant to Fed. R. Civ. P. 12(i), which requires the court to hear and decide or to defer to trial any motion made under Fed. R. Civ. P. 12(c).

## II.  DISCUSSION

Defendants' Motion to Dismiss or to Transfer should be denied for two reasons. First, Plaintiffs have met their burden of demonstrating that venue in the Western District of Washington is proper under 28 U.S.C. § 1391. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Second, Defendant has not made a strong showing of injustice or "of inconvenience to warrant upsetting the Plaintiffs' choice of forum." *Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### A.  MOTION TO DISMISS UNDER 12(b)(3) OR 28 U.S.C. § 1406

Fed. R. Civ. P. 12(b)(3) allows a party, here the Defendant, to move to dismiss for improper venue. Similarly, 28 U.S.C. § 1406(a), which governs the cure for defects of jurisdiction or venue, allows the district court to "dismiss, or if it be in the interest of justice, transfer" a case where venue is improper.  Under both Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), dismissal is only authorized "when venue is 'wrong' or 'improper' in the venue in which it was brought." *Atl. Marine Constr. Co., Inc., v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 41, 55 (2013) (citation omitted).

The question of whether venue is "wrong" or "improper" is governed by 28 U.S.C. § 1391. *Id.*

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

ORDER - 3

When considering whether venue is proper, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (internal citations omitted).

Venue is proper because Plaintiffs have sufficiently demonstrated that "a substantial part of the property that is the subject of the action is situated" in Washington. 28 U.S.C. § 1391(b)(2). Although Defendants emphasize that the Complaint does not allege that the Boat is in Washington State and argue that such a failure compels dismissal (Dkt. 20), this Court is not bound by facts alleged in the complaint. *Murphy,* 362 F.3d at 1137. According to Plaintiff Eric Watson, the Boat, which is the "property that is the subject of the action," is currently in Washington State. Dkt. 18. The Defendants do not dispute this.

Additionally, Plaintiffs plausibly allege that a "substantial part of the events . . . giving rise to the claim" occurred in Washington. 28 U.S.C. § 1391(b)(2). While the parties disagree about whether agreement made in California or in Washington is the most "substantial," Plaintiffs maintain that one such agreement, the "Wooden Hull Release," was signed by Plaintiff Sarah Watson in Washington. Dkt. 17. The Court, however, need not decide whether the Wood Hull Release alone is substantial enough to establish venue because venue is proper based on the current location of the boat. Furthermore, even if venue were improper, the Defendants do not advance the argument that dismissal, rather than transfer, would be the proper remedy under 28 U.S.C. § 1406(a).

This case should not be dismissed under either Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406(a).

### B.  MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404

Although the question of whether to transfer this case is a close call, venue should remain in Washington because neither the convenience of the parties nor the interest of justice weighs in favor of transfer.

When Plaintiffs' chosen venue is proper, a district court may, "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

As Defendants assert (Dkt. 15) and Plaintiffs appear to concede (Dkt. 16), this action could have been brought in California. Venue would be proper in the Central District of California at minimum under 28 U.S.C. §§ 1391(a)(1), which allows venue in a district where one defendant lives as long as all defendants reside in that State.

The district court has broad discretion according to "individualized case-by-case considerations of convenience and fairness" to decide whether to grant a motion to transfer. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2008). While the specific considerations depend on the circumstances of each case, the relevant factors in this case appear to be: (1) the location where the relevant agreements were negotiated and executed, (2) the location of the property at issue, (3) the location of potential evidence and witnesses, (4) the plaintiff's choice of forum, and (5) general notions of justice and fairness. *See id.* On balance, these factors must "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *See Decker Coal Co.*, 805 F.2d at 843.

"The convenience of the parties and witnesses, [and] the interest of justice," do not weigh in favor of transferring the case. Factor one, the location where the relevant agreements were negotiated and executed, weighs slightly in favor of California. While a significant portion of the

ORDER - 5

relevant negotiations appear to have happened in California, at least one potentially substantial document, The Wood Hull Release, appears to have been signed in Washington.  Factor two weighs in favor of venue in Washington because the Boat is in Washington.  Factor three, the location of potential evidence and witnesses, is neutral because both parties point to evidence and witnesses in their preferred venue.  Although the boat came from California and there may be witnesses and evidence in California, any future examinations of the boat will need to take place in Washington. Either way one party and some witnesses will be inconvenienced, but Defendants do not allege that witnesses in California would be unavailable to this Court in Washington.  Factor four, the Plaintiffs' choice of forum, favors Washington.  Factor five, general notions of justice and fairness, do not weigh in favor of transfer. While Defendants allege that Plaintiffs "strategically" moved the Boat to Washington (Dkt. 15), Plaintiffs maintain that was to avoid foreclosure or lien (Dkt. 16).  Although Defendants do not appear to have been physically present in Washington during the Parties' agreement, Defendants negotiated with citizens of Washington to transport their boat to Oregon understanding that the eventual destination would be Washington State. *See* Dkts. 2 and 15.

This case certainly has legitimate ties to California, but that is not the inquiry. The inquiry is simply whether the venue is proper and, if so, whether there are compelling reasons for transfer. On balance, the factors to not weigh in favor of disrupting Plaintiffs' choice of venue.

Accordingly, Defendants' Motion to Dismiss or Transfer Venue should be denied.

### III.     ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion to Dismiss for Improper Venue or to Transfer Venue (Dkt. 15) **IS DENIED**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of September, 2020.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER - 7