1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA
10
11  ERIC A. WATSON and SARAH M.          CASE NO. 3:20-cv-05344-RBJ
    WATSON,
12                                       ORDER ON DEFENDANTS'
                          Plaintiffs,    MOTION FOR PARTIAL
13          v.                           RECONSIDERATION
14  WARREN MOGER (SR), JANE DOE
    MOGER (SR), and their marital
15  community d/b/a MOGER YACT
    TRASPORT, WARREN MOGER (JR),
16  JANE DOE MOGER (JR),
17                        Defendants.
18          THIS MATTER comes before the Court on Defendant's Motion for Partial

19  Reconsideration.  Dkt. 22.  The Court has considered the pleadings filed in support of and

20  opposed to the motion and the remaining file.

21  **A.  FACTS AND PROCEDURIAL HISTORY**

22          This matter arises out of damage to Plaintiffs' boat, which they allege Defendants caused

23  while transporting the boat by truck from Southern California to Oregon.  Dkts. 22 and 26.

24

1   Plaintiffs, some witnesses, and the boat are in Washington.  *Id.*  Defendants, some witnesses, and

2   most of the transportation route are in California.  *Id.*

3       On August 7, 2020, Defendants moved to dismiss for improper venue, or, in the alternative,

4   to transfer venue to California, arguing that California is the better venue to adjudicate this

5   matter and that the interest in justice compels transfer.  Dkt. 15.  On September 16, 2020, the

6   Court denied Defendant's motion.  Dkt. 21.  On September 28, 2020, Defendants moved for

7   reconsideration, alleging that new information had come to light that made transfer appropriate

8   in accordance with W.D. Wash. Local Rule 7(h)(1).  Dkt. 22.  Defendants argue that new

9   potential witnesses, who are California residents, have come forward, and that the convenience

10  of these and other witnesses and the interest of justice compels transfer pursuant to 28 U.S.C. §

11  1404.  *Id.*; Dkts. 23 and 24.  On September 30, 2020, this Court requested Plaintiffs respond to

12  Defendants' motion for reconsideration, pursuant to LCR 7(h)(3).  Dkt. 25.  Plaintiffs responded

13  on October 23, 2020.  Dkt. 26.

14      **B.  DISCUSSION**

15      Pursuant to LCR 7(h)(1), "[m]otions for reconsideration are disfavored.  The court will

16  ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

17  a showing of new facts or legal authority which could not have been brought to its attention

18  earlier with reasonable diligence."

19      While Defendants identify new potential witnesses who live in California, they do not

20  demonstrate either manifest error in the Court's underlying decision or that the discovery of new

21  potential witnesses compels transfer.  A district court has broad discretion according to

22  "individualized case-by-case considerations of convenience and fairness" to decide whether to

23  grant a motion to transfer.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2008).

24

Factors to consider include: (1) the location where the relevant agreements were negotiated and executed, (2) the location of the property at issue, (3) the location of potential evidence and witnesses, (4) the plaintiff's choice of forum, and (5) general notions of fairness. *See id.* On balance, these factors must "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In the underlying order denying Defendants' motion to transfer, the Court found that the considerations, on balance, did not warrant upsetting Plaintiffs' choice of forum. Dkt. 21. Defendants did not then and do not now allege that witnesses would be unavailable to the Court in Washington, only that they may be inconvenienced. Either party and some witnesses will be inconvenienced regardless of whether venue lies in California or in Washington. Defendants, however, do not demonstrate that venue in Washington will create prejudice or be fundamentally unfair to them. As such, venue should remain in Plaintiffs' chosen forum, the Western District of Washington. Defendants' Motion for Partial Reconsideration (Dkt. 22) should be denied.

**IT IS SO ORDERED**:

- Defendants' Motion for Partial Reconsideration (Dkt. 22) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of October, 2020.

ROBERT J. BRYAN
United States District Judge