UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC A. WATSON and SARAH M. WATSON, and their marital community,

Plaintiff,

v.

WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT, WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT,

Defendants.

CASE NO. 20-5344 RJB

ORDER ON MOTION TO AMEND COMPLAINT

This matter comes before the Court on the Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 28) and the Plaintiffs' motion to strike (Dkt. 32). The Plaintiffs attached a re-lined proposed second amended complaint to their motion. Dkt. 29-1. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

This case arises from damage sustained to a boat which was transported over land for the Plaintiffs by the Defendants from California to Oregon. Dkt. 1. The Plaintiffs now move to

amend their Amended Complaint to add a claim pursuant to the Carmack Amendment, 49 U.S.C. § 14706(a)(1) and to clarify their claims for damages. Dkt. 28.

**FACTS IN PROPOSED SECOND AMENDED COMPLAINT**

In the proposed second amended complaint, the Plaintiffs allege that on March 27, 2019, they hired the Defendants to transport a boat from Oxnard, California to Washington state, but later agreed that it could be taken to Portland, Oregon. Dkt. 29-1, at 3-4. The boat was to be driven up on a trailer. *Id.* The proposed second amended complaint alleges that in April of that year, as the Defendants were preparing the boat for transport, Plaintiff Eric Watson complained that the pads the Defendants were using "were to small and a portion of the trailer could go through the hull." *Id.*, at 4. It alleges that Defendant Moger, Jr. "said that the boat would be fine and that Moger Yacht Transport had insurance that would cover harm to the boat." *Id.*

According to the proposed second amended complaint, on April 10, 2019, Plaintiff Eric Watson received a call from the boat yard where Defendant Moger Jr. brought the boat early because he traveled faster than expected. Dkt. 29-1, at 5. Plaintiffs maintain that the boat yard told Plaintiff Eric Watson that they could not launch the boat because it had "holes in the bottom and would sink." *Id.* Plaintiffs allege that after arriving at the yard and inquiring what happened, Defendant Warren Moger Jr. told Plaintiff Eric Watson that "he went over a bridge hump that caused the boat to lift and drop on the pedestals" and that "he went under a bridge a cable was cut from the top of the boat." *Id.* The boat yard would not take the boat, so Plaintiffs had the Defendants take the boat to Dike Marine Storage & Service. *Id.*, at 6. The proposed second amended complaint alleges that once the boat arrived, and "[p]rior to the boat being fully lowered, Defendant Warren Moger Junior sped off and the boat slammed down into the pedestals further damaging the boat." *Id.* The proposed second amended complaint makes claims

pursuant to the Carmack Amendment, 49 U.S.C. § 14706(a)(1), for breach of contract, and for negligence. *Id.*, at 6-9. It seeks "actual and compensatory" damages, attorneys' fees and costs. *Id.*, at 9.

The Plaintiffs now move for leave to file the second amended complaint. Dkt. 28. The Defendants oppose the motion arguing that the motion to amend is unduly late and to the extent it maintains common law claims for breach of contract and negligence, it is futile because the Carmack Amendment preempts such claims. Dkt. 31. The Plaintiffs move to strike the Defendants' response because it was filed one day late. Dkt. 32.

**DISCUSSION**

**A. MOTION TO STRIKE**

The Plaintiff's motion to strike the Defendants' response to the motion to amend (Dkt. 32) should be denied. The response was filed 12 hours late. It should be considered.

**B. MOTION TO AMEND AMENDED COMPLAINT**

Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143 (9th Cir. 2011).

The motion to amend the Amended Complaint (Dkt. 28) should be granted to the extent that it adds a claim pursuant the Carmack Amendment and denied as futile to the extent it seeks to continue with the Plaintiffs' claims for breach of contract and negligence.

There is no showing here of bad faith or undue prejudice. The Defendants fail to show that the proposed amendments are unduly delayed or that they are unduly prejudiced as a result.

There is no showing that amending the Amended Complaint to add a claim under the Carmack Amendment would be futile. The Plaintiffs should be granted leave to file a second amended complaint that adds a claim under the Carmack Amendment and clarifies their damages permitted under the Carmack Amendment.

To the extent that the Plaintiffs seek to retain their claims for breach of contract and negligence, the motion to amend should be denied as futile. "The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008). The Plaintiffs' proposed second amended complaint's claims for breach of contract and negligence claims are claims alleging "loss . . . and damage to property" moved between two states. These claims "arise from the same conduct" as the Carmack Amendment claims and so are preempted by the Carmack Amendment. *Id.*

By February 5, 2021, the Plaintiffs should be ordered to file a clean version of their second amended complaint, removing the redlines and their breach of contract and negligence claims.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- The Plaintiffs' motion to strike (Dkt. 32) **IS DENIED**; and
- The Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 28) **IS GRANTED** to the extent it to seeks to add a claim under Carmack Amendment and seeks damages under the Carmack Amendment and **DENIED** to the extent it seeks to

retain claims for negligence and breach of contract and damages flowing those claims; and

- By **February 5, 2021**, the Plaintiffs **SHALL** file a clean version of their second amended complaint, removing the redlines and their claims for breach of contract and negligence claims.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of January, 2021.

ROBERT J. BRYAN
United States District Judge