UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC A. WATSON and SARAH M. WATSON, and their marital community, <br><br> Plaintiff, <br><br> v. <br><br> WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT, WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT, <br><br> Defendants. | CASE NO. 20-5344 RJB <br><br> ORDER ON MOTION TO JOIN DEFENDANTS |

This matter comes before the Court on Plaintiff Eric Watson's Motion to Join Defendants under Fed. R. Civ. P. 20. Dkt. 48. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Originally filed on April 9, 2020, this case arises from damage sustained to a boat which was transported over land for the Plaintiffs by the Defendants from California to Oregon. Dkt. 1. The Plaintiffs' counsel were permitted to withdraw on March 12, 2021. Dkt. 41. Plaintiff Eric

ORDER ON MOTION TO JOIN DEFENDANTS - 1

Watson, acting *pro se,* now moves to join several potential defendants. Dkt. 48-1. The Defendants oppose the addition of claims against their liability expert and their insurance carrier's representatives. Dkt. 50. For the reasons provided below, Plaintiff Eric Watson's motion to join Defendants under Fed. R. Civ. P. 20 (Dkt. 48-1) should be denied, in part, and denied without prejudice, in part.

## FACTS IN THE SECOND AMENDED COMPLAINT

In the Second Amended Complaint, the Plaintiffs allege that on March 27, 2019, they hired the Defendants to transport a boat from Oxnard, California to Washington state, but later agreed that it could be taken to Portland, Oregon. Dkt. 37, at 2-3. The boat was to be driven up on a trailer. *Id.* In April of that year, as the Defendants were preparing the boat for transport, Plaintiff Eric Watson complained that the pads the Defendants were using "were too small and a portion of the trailer could go through the hull." *Id.*, at 3. It alleges that Defendant Moger, Jr. "said that the boat would be fine and that Moger Yacht Transport had insurance that would cover harm to the boat." *Id.*

According to the Second Amended Complaint, on April 10, 2019, Plaintiff Eric Watson received a call from the boat yard where Defendant Moger Jr. brought the boat early because he traveled faster than expected. Dkt. 37, at 3-4. Plaintiffs maintain that the boat yard told Plaintiff Eric Watson that they could not launch the boat because it had "holes in the bottom and would sink." *Id.,* at 4. Plaintiffs allege that after arriving at the yard and inquiring what happened, Defendant Warren Moger Jr. told Plaintiff Eric Watson that "he went over a bridge hump that caused the boat to lift and drop on the pedestals" and that "he went under a bridge a cable was cut from the top of the boat." *Id.* The boat yard would not take the boat, so Plaintiffs had the Defendants take the boat to Dike Marine Storage & Service ("Dike"). *Id.*, at 4-5. Defendants,

Dike and Dike's "sister company" Norgard Boat Hauling ("Norgard") transported the boat to Dike's property. *Id.*, at 5.

The Second Amended Complaint further alleges that once the boat arrived, and "[p]rior to the boat being fully lowered, Defendant Warren Moger Junior sped off and the boat slammed down into the pedestals further damaging the boat." Dkt. 37, at 5. The Second Amended Complaint makes claims pursuant to the Carmack Amendment, 49 U.S.C. § 14706(a)(1). *Id.*, at 6-7. It seeks "actual and compensatory" damages, attorneys' fees and costs. *Id.,* at 7.

Plaintiff Eric Watson, acting *pro se,* now moves, pursuant to Fed. R. Civ. P. 20, to add as Defendants: Dike, Debbie Helms and Bruce Helms of Dike, Edward Humfleet and Dena Humfleet of Norgard, Mike Roff and KJ Roff of Latitude Marine Services, and the Plaintiffs' prior lawyers, Marianne Jones and Jordan Jones of Smythe & Jones PLLC. Dkt. 48-1. He also seeks to add, as Defendants: Larry Montgomery, Defendants' liability expert, Larry Montgomery's wife, and Defendants' insurance carrier (Wilshire Insurance) or its representatives, Quan Echols, Kevin Herman, and Brian Gorecowski. Dkt. 48-1. Plaintiff Watson makes extensive assertions that these potential Defendants engaged in fraud or conspiracy to commit fraud. *Id.*

The case is set to begin trial on October 4, 2021. Dkt. 14. The Defendants' motion for summary judgment, which seeks dismissal of all claims asserted against them, is noted for consideration for August 6, 2021. Dkt. 51.

This opinion will first address Plaintiff Eric Watson's inability to represent Plaintiff Sarah Watson, then Plaintiff Eric Watson's motion, and lastly, issue a notice regarding the motion for summary judgment.

# DISCUSSION

## A. REPRESENTATION

Although a non-attorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Plaintiff Eric Watson is the only party to sign the motion. As a non-lawyer, he has no authority to represent Plaintiff Sarah Watson in this case. Accordingly, to the extent he seeks to add potential defendants or claims on her behalf, the motion (Dkt. 48-1) should be denied.

## B. MOTION TO JOIN POTENTIAL DEFENDANTS

Fed. R. Civ. P. 20(a)(2) provides:

> Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Plaintiff Eric Watson's Motion to Join Defendants under Fed. R. Civ. P. 20 (Dkt. 48-1) should be denied as to Larry Montgomery, Defendants' liability expert, Larry Montgomery's wife, Defendants' insurance carrier (Wilshire Insurance) or its representatives, Quan Echols, Kevin Herman, and Brian Gorecowski, and the Plaintiffs' prior lawyers, Marianne Jones and Jordan Jones of Smythe & Jones PLLC. There is no showing that the right to relief asserted against them arises "out of the same transaction, occurrence, or series or occurrences" or that there is a common question of law or fact as to these potential defendants and the Defendants (or other potential defendants) in the case. Rule 20(a)(2)(A) and (B).

To the extent that Plaintiff Eric Watson moves to add Dike, Debbie Helms and Bruce Helms of Dike, Edward Humfleet and Dena Humfleet of Norgard, Mike Roff and KJ Roff of Latitude Marine Services as potential defendants, the motion should be denied without prejudice. Plaintiff Eric Watson's motion makes it clear that he does not only seek to add potential defendants, but seeks to add additional claims against them. Dkt. 48-1. He has failed to file a motion to amend his Second Amended Complaint or to file a proposed third amended complaint as required by Fed. R. Civ. P. 15(a)(2) and Local Civil Rule of the Western District of Washington ("Local Rules") 15. While Defendants point out that Plaintiff Eric Watson's motion is untimely in that the deadline to add additional parties was August 13, 2020, whether he should be barred from adding them is not yet clear.

## C. NOTICE REGARDING SUMMARY JUDGMENT

Plaintiffs are reminded that "*[p]ro se* litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington ("Local Rules"). Plaintiffs are further reminded that although their *pro se* pleadings are held to a "less stringent standard that formal pleadings drafted by lawyers," they still must meet the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Plaintiffs are notified that the Defendants seeks summary dismissal of Plaintiffs' case pursuant to Fed. R. Civ. P. 56. They are further notified that if one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. In the event a defendant files a motion for summary judgment

ORDER ON MOTION TO JOIN DEFENDANTS - 5

by which it seeks to have his case dismissed, Plaintiffs are notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end their case.

Rule 56 tells Plaintiffs what they must do to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact– that is, if there is no real dispute about any fact that would affect the result of Plaintiffs' case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end Plaintiffs' case. When a party the Plaintiffs are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Plaintiffs cannot simply rely on what their complaint says. Instead, Plaintiffs must set out specific facts in a verified complaint, declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If Plaintiffs do not submit their own evidence in opposition, summary judgment, if appropriate, may be entered against them. If summary judgment is granted, Plaintiffs' case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

The Defendants' Motion for Summary Judgment (Dkt. 51) is noted for August 6, 2021. Plaintiffs' response, if any, should be filed by **August 2, 2021**. Defendants' reply, if any, should be filed by August 6, 2021.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

Plaintiff Eric Watson's Motion to Join Defendants under Fed. R. Civ. P. 20 (Dkt. 48)

- **IS DENIED** to the extent he seeks to add potential defendants or claims on behalf of Sarah Watson and to the extent he seeks to add claims against Larry

Montgomery, Defendants' liability expert, Larry Montgomery's wife, Defendants' insurance carrier (Wilshire Insurance) or its representatives, Quan Echols, Kevin Herman, and Brian Gorecowski, and the Plaintiffs' prior lawyers, Marianne Jones and Jordan Jones of Smythe & Jones PLLC; and

- **IS DENIED WITHOUT PREJUDICE** to the extent that he seeks to add Dike Marine Storage & Service, Debbie Helms and Bruce Helms of Dike Marine & Storage, Edward Humfleet and Dena Humfleet of Norgard Boat Hauling, Mike Roff and K.J. Roff of Latitude Marine Services as potential defendants.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of July, 2021.

ROBERT J. BRYAN
United States District Judge