UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC A. WATSON and SARAH M. WATSON, and their marital community,<br><br>Plaintiff,<br><br>v.<br><br>WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT, WARREN MOGER, and JANE DOE MOGER, and their marital community d/b/a MOGER YACHT TRANSPORT,<br><br>Defendants. | CASE NO. 20-5344 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 51) and Defendants' Motion to Strike (Dkt. 55). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Originally filed on April 9, 2020, this case arises from damage sustained to a boat which was transported over land for the Plaintiffs by the Defendants from California to Oregon. Dkt. 1. The Second Amended Complaint makes claims pursuant to the Carmack Amendment, 49 U.S.C.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

1 § 14706(a)(1). Dkt. 37. The Plaintiffs' counsel were permitted to withdraw on March 12, 2021.

2 Dkt. 41. The Plaintiffs are now proceeding *pro se.*

3     The Defendants now move for summary judgment arguing that the Plaintiffs' claims under

4 the Carmack Amendment, 49 U.S.C. § 14706, *et. seq.*, fail because the Plaintiffs failed to file

5 written notice of their claim. Dkt. 51. The Defendants further maintain that the claims are

6 contractually barred by the Wood Boat / Hull Release. *Id.* On July 14, 2021, the undersigned

7 issued a notice to the Plaintiff regarding the summary judgment pursuant *Rand v. Rowland*, 154

8 F.3d 952 (9th Cir. 1998).

9     The Plaintiffs filed their response (Dkts. 54 – 54-27) to the motion for summary judgment

10 under oath; accordingly, factual assertions in their response will be treated as declarations. They

11 appeared to have some difficulty - each page of the response has a different number in the CM-

12 ECF system. The Defendants move to strike various portions of the response. Dkt. 55. In the

13 interest of fully considering all the *pro se* Plaintiffs' assertions and arguments, the Motion to

14 Strike (Dkt. 55) should be denied. No further analysis on that motion is required and the facts

15 below include Plaintiffs' factual assertions from their response.

16                 **I.  FACTS**

17     In the spring of 2019, Defendants Warren Moger, Sr. and Warren Moger, Jr., the owner

18 of Moger Yacht Transport, were contacted to pick up Plaintiff Eric Watson's 1962 45' Chris

19 Craft boat for transport over land from Anacapa Boatyard in Oxnard, California to Washington

20 state, but later agreed that it could be taken to Portland, Oregon. Dkt. 52, at 2.

21     Around April 3, 2019 or April 4, 2019, the boat was removed from the water. Dkts. 52

22 and 54. According to Defendant Moger, Jr. "it appeared the boat was waterlogged and epoxy

23 had been used extensively on the hull as an attempt to patch pre-existing damage." *Id.,* at 2.

24

Defendant Moger, Jr. states that the Plaintiff was not present when the boat was removed from the water. *Id.* According to Plaintiff Eric Watson, he was present and "the epoxy was paint, as [the boat] had a new paint job done in January 2019 . . . [t]here was no patching for a pre-damage repair done." Dkts. 54-5 and 54-6. Plaintiff Eric Watson states that at that time, he indicated that "the 8"x10" pads on ball swivels were too small for the boat as they would punch right through the hull and asked Warren to add 2x10s or 2x12s the length of the trailer so it would not stress the hull." Dkt. 54-6. According to Plaintiff Eric Watson, "Warren refused." Dkt. 54-6.

On, April 3, 2019, the Plaintiff executed a Bill of Lading and Acknowledgement of Shipper's Responsibilities. Dkt. 52, at 5-6. The Bill of Lading provides that "[c]arrier is not responsible for damage caused by loading, unloading, or due to cradles, trailers, or other carrying devices provide by or on behalf of the shipper." Dkt. 52, at 5. According to Defendant Moger, Jr., "[d]ue to the extensive damage to the boat's hull, prior to transport, we tried to convince [the Plaintiff] that the boat was not suitable for transport and to not transport the boat." *Id.*, at 2. Plaintiff Eric Watson denies that the either of the Moger Defendants made these statements. Dkt. 54-6. Defendant Moger, Jr. states that the Plaintiff Eric Watson insisted that they move the boat, so they requested that he sign a wooden boat release. Dkt. 52, at 2. Accordingly, on April 3, 2019, a "Wood Boat / Hull Release," ("release") was sent to Defendants which provided:

> I, Eric Watson, understand that my boat is used and may have latent or obvious defects. These defects may cause damage to my boat a 1962 Chris Craft originally 45 foot with add on boat anchor and swim deck that makes it 50 ft.
>
> I therefore hold Moger Yacht Transport and its assigns harmless from damages attributable to these latent or obvious defects. I relieve Moger Yacht Transport of any liability or responsibility for damages that may result from the transport of my boat from time of loading to time of unloading on April 4, 2019.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

Dkt. 52, at 18.  A signature for Eric Watson is on this document and it is dated April 3, 2019.  *Id.*  Plaintiff Eric Watson states that he did not sign it; his wife, Plaintiff Sarah Watson, signed it for him.  Dkt. 54-7.

On April 10, 2019 the boat arrived in Portland, Oregon.  Dkt. 37.  The Plaintiffs maintain that the Portland boat yard told Plaintiff Eric Watson that they could not launch the boat because it had "holes in the bottom and would sink."  Dkt. 37, at 4.  The boat yard would not take the boat, so Plaintiffs had the Defendants took the boat to another location.  *Id.,* at 4-5.

According to Defendant Moger, Jr., he was made aware of the Plaintiff's claim against Moger Yacht Transport "through verbal communication from Mr. Watson and from Moger Yacht Transport's insurance company."  Dkt. 52, at 3.  Defendant Moger, Jr. states that he does not have record of any written communication from the Plaintiffs between the time the boat was delivered in Oregon on April 10, 2019 and the following nine months "that contains any written claim asserting liability against Moger Yacht Transport for any specified amount of money for the subject boat."  *Id.*

The Plaintiffs assert that they "have called numerous times to Warren Moger, Jr." and claim that he would not call them back.  Dkt. 54-3.  They assert that they text messaged him and maintain that he did not respond.  *Id*.  Plaintiff Eric Watson states that he "sent a letter to Moger Yacht Transport asking to resolve the damage since the insurance company closed the claim, then directed Defendants to write and communicate with Moger Yacht Transport and not to contact them again."  *Id*.  Plaintiff Eric Watson maintains that Defendants did not respond to his letter.  *Id.*  The record does not contain this letter.

In response to the motion for summary judgment, the Plaintiffs assert that they have not received all the discovery that they are due, which they contend makes it difficult to respond to

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

1  the motion. Dkt. 54.  In any event, the Plaintiffs argue that they sent sufficient written notice of

2  their Carmack claim to the Defendants and maintain that the release did not relieve the

3  Defendants from ordinary negligence or gross negligence, but only applies to a damage from

4  latent or obvious defects.  *Id.*

5  This opinion will first provide the standard for a motion for summary judgment, then address

6  the Plaintiffs' contention that they did not receive all the discovery they are due to respond to the

7  motion for summary judgment, which should be construed as a motion pursuant to Fed. R. Civ.

8  P. 56(d), and then will address the Defendants' motion for summary judgment.

## II. DISCUSSION

### A. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at, which is a preponderance of the evidence in most civil cases. *Anderson*, at 254; *T.W. Elect.*, at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.*, at 630 (relying on *Anderson*, 477 U.S. 242). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-889 (1990).

### B. PLAINTIFFS' RULE 56(d) MOTION

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006). "The facts sought must be essential to the party's opposition to summary judgment and it must be likely that those facts will be discovered during further discovery." *Sec. Exch. Comm'n v. Stein,* 906 F.3d 823, 833 (9th Cir. 2018)(*internal quotation marks and citations omitted*).

To the extent the Plaintiffs move for relief pursuant to Rule 56(d), their motion (Dkt. 54) should be denied. While the Plaintiffs point to several interrogatory questions they assert were

1  not answered and items they maintain have not been turned over in discovery, they fail to explain

2  why those items would yield "facts [that] would preclude summary judgment." *Tatum,* at 1100.

3  They fail to demonstrate that these facts are "essential" to their opposition to the summary

4  judgment or that it is likely "that those facts will be discovered during further discovery." *Stein,*

5  at 833.  Moreover, discovery in this case has closed.  The deadline for discovery related motions

6  and dispositive motions has passed.  Trial is set to begin on October 4, 2021.  Dkt. 14.  The

7  summary judgment motion should be decided.

8         **C.  CARMACK AMENDMENT CLAIM - RELEASE**

9      "It is well settled that the Carmack Amendment is the exclusive cause of action for

10  interstate-shipping contract claims alleging loss or damage to property."  *Hall v. N. Am. Van*

11  *Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).  Under the Carmack Amendment, a carrier may:

12      establish rates for the transportation of property ... under which the liability of the
       carrier for such property is limited to a value established by written or electronic
13      declaration of the shipper or by written agreement between the carrier and shipper
       if that value would be reasonable under the circumstances surrounding the
14      transportation.

15  49 U.S.C. § 14706(c)(1)(A).  To limit its liability under the Carmack Amendment, a carrier must:

16  (1) "at the shipper's request, provide the shipper with a written or electronic copy of the rate,

17  classification, rules, and practices upon which any rate applicable to a shipment, or agreed to

18  between the shipper and the carrier, is based," (2) "give the shipper a reasonable opportunity to

19  choose between two or more levels of liability;" (3) "obtain the shipper's agreement as to [their]

20  choice of carrier liability limit;" and (4) "issue a bill of lading prior to moving the shipment that

21  reflects any such agreement."  *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1099

22  (9th Cir. 2011)(*internal quotation marks and citations omitted*).  The carrier has the burden to

23  prove that it has complied with these requirements.  *Id.*

24

The Defendants' motion for summary judgment on the Plaintiffs' Carmack claims should be granted and the claims dismissed.

The Defendants have shown that they have complied with the requirements to limit their liability here. There is no evidence that the Defendants failed to, at the Plaintiffs' request, "provide them with a copy of the rate . . . applicable to a shipment, or agreed between the shipper and carrier, is based." They have shown that they indicated to the Plaintiffs that they would not ship the boat absent execution of the release, and so gave the Plaintiffs "a reasonable opportunity to choose between two or more levels of liability." The Plaintiffs do not dispute that the release was executed (even though by Plaintiff Sarah Watson, it was done for Plaintiff Eric Watson, at his direction), obtaining their "agreement as to their choice of carrier liability limit." Lastly, the Defendants have shown that they "issued a bill of lading prior to moving the shipment that reflects any such agreement." The Bill of Lading reflects the Release's limitation of liability. The Bill of Lading provided that "[c]arrier is not responsible for damage caused by loading, unloading, or due to cradles, trailers, or other carrying devices . . ." Dkt. 52, at 5. The Defendants properly limited their liability under the Carmack Amendment.

The Plaintiffs contend that the release does not relieve the Defendants from liability here. Dkts. 54-15 – 54-16. They maintain that it is a release from "latent or obvious defects" and does not release the Defendants "from ordinary negligence or gross negligence, including failing to exercise [their] duty of care to avoid foreseeable risks, harms, and the damage which might result." Dkt. 54-15. The Plaintiffs assert that the damage had nothing to do with a latent or obvious defect in the boat, but with Moger's refusal to use larger pads. *Id.* The Plaintiffs also contend that the Defendants were in "sole control of the unloading equipment that caused the harm, so the facts also give rise to the issue of *res ipsa loquitur*. . ." *Id*.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8

Contrary to the Plaintiffs' assertions, the release limits the Defendants' liability from the damages here.  While the release holds Moger Yacht Transport "harmless from damages attributable" to "latent or obvious defects," and also agrees to "relieve Moger Yacht Transport of any liability or responsibility for damages that may result from the transport of the boat from time of loading to time of unloading." Dkt. 52, at 18.  The plain language of the release encompasses the asserted "negligence or gross negligence" and damages here.  Further, because "[r]es ipsa loquitur is a form of circumstantial evidence that permits an inference of negligence to be drawn from a set of proven facts," *Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1437 (9th Cir. 1983), and the release covers acts of negligence, application of the doctrine is not helpful to the Plaintiffs here.

Based on the above analysis on the release, the motion for summary judgment should be granted and the Plaintiffs' claims dismissed.  The Court need not reach the Defendants' other grounds for dismissal of this case.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- The Defendants' Motion to Strike (Dkt. 55) **IS DENIED;**
- To the extent the Plaintiffs move for relief under Fed. R. Civ. P. 56(d), that motion (Dkt. 54) **IS DENIED;**
- Defendants' Motion for Summary Judgment (Dkt. 51) **IS GRANTED**;
- The Plaintiff's claims **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of August, 2021.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 10